IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON MORALES-RODRIGUEZ,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 10-1665 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

    Above plaintiff Nelson Morales-Rodríguez, (hereafter "plaintiff Morales-Rodríguez") filed this action seeking judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying the application for entitlement to a period of disability and ensuing benefits. (*Complaint, Docket No. 1*).

    Plaintiff Morales-Rodríguez filed its memorandum of law and defendant the Commissioner thereafter filed its memorandum. (Docket Nos. 6, 7). On January 13, 2011, this case was referred to this Magistrate Judge for report and recommendation. On January 14, 2011, plaintiff Morales-Rodríguez indicated he would consent to jurisdiction and final disposition by this Magistrate Judge. (*Docket No. 8 and 10*).

    The Commissioner had answered the Complaint, filed the corresponding administrative transcript. Having the parties already filed their memoranda for their respective contentions, the matter is now ready for disposition.

# FACTUAL BACKGROUND

Plaintiff Morales-Rodríguez is a forty eight (48) year old male, who previously worked as a migrant worker, had ninth grade education and completed his high school studies receiving the corresponding GED. He suffered a vehicular accident back on September 10, 2000, while working as a truck driver in Marion, New York, work he performed for approximately five (5) years. After hospitalization and discharged from the accident, plaintiff has complained of cervical and lumbar limitations and pain. He moved back to Puerto Rico and continued medical treatment with a general practitioner.

After the application for disability benefits was initially denied, the requested administrative hearing was held in which the testimonies of plaintiff Morales-Rodríguez and a vocational expert were heard. Plaintiff's testimony indicated he had also previously worked as a security guard, which the Administrative Law Judge ("ALJ") further considered to be within his residual functional capacity for light work. This determination was also supported by the testimony of the vocational expert through the hypothetical questions as to the duties and exertion required for such job.

Since the ALJ determined plaintiff Morales-Rodríguez had not established inability to perform his previous kind of work, the ALJ found that, upon his ability to perform past relevant work, plaintiff would not be considered disabled. The Appeals Council affirmed the determination of the ALJ and plaintiff has filed this action to either have the administrative denial reversed or the matter be remanded for further proceedings.

## THE ALJ'S DECISION AND THE APPEALS COUNCIL

In the opinion issued the ALJ, he applied the evaluation process mandated by law, insofar as concluding that above plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits up to December 31, 2005; (2) has not engaged in substantial gainful activity since the alleged onset date of disability, that is, as of September 18, 2000; (3) has an impairment or a combination of impairments considered "severe" based upon the Regulations found at 20 C.F.R. § 404.1520(b), but these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

The ALJ did not consider the remaining steps in the evaluation required for sequential analysis because the ALJ found that plaintiff's impairments did not prevent him from performing his previous kind of work upon retaining the residual functional capacity to carry out light level of exertion and his previous job, as a security guard, was not thus precluded. (*Tr. pp. 18-29*).

The ALJ reviewed and discussed in the administrative opinion the medical evidence wherein it was determined that plaintiff suffered from musculo-skeletal pathology of the cervical and lumbar spine. Still, it determined the treating physician's conclusions were not persuasive as to the severity since it failed to reveal significant swelling, deformities, increased heat or significant limitation in the range of motion of joints or back. The range of motion of the cervical and lumbar spine was not restricted and lumbar tenderness was not significant nor persistent. In addition, the medical evidence of record did not establish sensory deficits, muscular weakness, motor atrophy or significant reflex abnormalities. (*Tr.*

*id.*). The medical record as to the mental condition indicated an anxiety disorder but the patient was found logical, coherent, relevant and well oriented, with appropriate effect, no ideas of reference, delusions, hallucinations or thought block. (*Tr. p. 27*).

Plaintiff's testimony made reference to past relevant work experience as a security guard, which was considered work that required only light exertional duties, the performance of such work activities was not precluded by plaintiff's residual functional capacity.[1] (*Tr. pp. 34-35, 48-49*). Since plaintiff was found able to perform his past relevant work as a security guard, the ALJ determined and was affirmed by the Appeals Council that he was not under disability.

## ANALYSIS

**A.   Legal Standard**.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

---

[1] The ALJ also determined other jobs performed by plaintiff Morales-Rodríguez, such as heavy equipment operator and industrial truck operator, were precluded by his residual functional capacity for light work since these were medium in exertional level and semi-skilled in nature, requiring at times the operation of hand and foot controls, loading and unloading of merchandise and regular and consistent standing, walking, climbing, bending during an eight (8) hour work shift, with occasional sitting. (Tr. p. 28).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if [s]he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. §§ 404.1520(b). If he is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§

404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he has performed in the past. If the claimant is able to perform his previous work, which in the instant case the ALJ determined was able to perform as a security guard, he would not be considered disabled. §§ 404.1520(e)

If and when it is determined that a claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he cannot return to his former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the present case

the ALJ determined plaintiff failed the sequential steps since he was able to perform his previous kind of work.

Plaintiff Morales-Rodríguez submits the ALJ erred by rejecting arbitrarily the treating physicians' medical opinions and giving controlling weight to the assessment as to Morales-Rodríguez' residual functional capacity. Plaintiff also avers the vocational expert's testimony does not support the conclusion of the ALJ as to past relevant work both as a truck driver and as to the remote former work as a security guard.

**B. Review of the Medical Evidence on the Record as a Whole**.

A review of the ALJ's decision shows he opined objective evidence established the presence of some medical impairments which could reasonably be expected to cause some pain, but not to the extent or degree claimed. The medical record revealed plaintiff Morales-Rodríguez after suffering a work related accident suffered neck, lumbar and depression conditions. The ALJ considered the combinations of these conditions severe because they more than minimally affected plaintiff's ability to perform basic work-related activities. (*Tr. p. 20*). However, the evidence of record indicated plaintiff had no more than moderate restrictions of activities of daily living, social interaction or maintaining concentration, persistence or pace, without episodes of decompensation. The neck and back conditions showed no neurological deficits. The musculo-skeletal conditions presented mild diffuse $C_3$-$C_4$ and $C_5$-$C_6$ disk space narrowing by the year 2001. At $C_5$-$C_6$ there was a small left posterolateral osteophyte associated with small disk bulge, creating canal and foramina stenosis on the left side that was evidenced through a magnetic resonance study performed in 2001. At $C_4$-$C_5$ and $C_5$-$C_6$ there was a small central left

paracentral disk protrusion established by another magnetic resonance study conducted in 2002. The L5-S1 disc showed small right posterolaterial herniation slightly narrowing the neural foramina without thecal sac compression. Notwithstanding above conditions, the ALJ found the medical evidence failed to reveal cord compression, neurological deficit or physical functional limitation, including pain, to the extent claimed by Morales-Rodríguez that would limit his ability to ambulate effectively on a sustained basis. (*Tr. pp. 21, 257-259*).

In relation to the above described physical condition, Morales-Rodríguez has complained of anxiety related disorder with depressive features. The ALJ, applying the applicable criteria, concluded the emotional condition was not disabling but only mild to moderate in nature. There were no episodes of decompensation. Although the psychiatric condition was found severe, it did not prevent meeting the mental requirements of previous work, which was semi-skilled. (*Id. p. 22*).

The ALJ also found there was no evidence to support plaintiff's testimony alleging he could sit and stand only for thirty (30) minutes, could not push nor lift but for a maximum of five (5) pounds or that he needed assistance for his personal care and hygiene. Plaintiff also testified he would drive for short distances, was a good informant, with preserved memory and accurate answers to questions propounded. He was observed by the ALJ to have no difficulty to understand, remember and respond to the questionnaire, tolerate the administrative hearing and sustain concentration and attention. (*Id. pp. 22-23*).

Nelson Morales-Rodríguez v. Commissioner of S.S.
Civil No. 10-1665 (CVR)
Opinion and Order
Page No. 9

Upon reaching the conclusion plaintiff Morales-Rodríguez was able to retain the residual functional capacity to perform the full range of light work, physically and mentally, as required for his previous former job as a security guard, the ALJ found him not under disability and the Appeals Council affirmed such determination.

A review of the record available and considered by the ALJ, indicates that after his vehicular employment accident, plaintiff Morales-Rodríguez moved to Puerto Rico and began treatment with Dr. Humberto Díaz-Negrón, a retired orthopedic surgeon. He received medication as Neurontin 400 mg and Anaprox. Dr. Díaz-Negrón reported lumbar tenderness and spasm, pain, deformity and limitation of motion of the left hip. Still, Lasegue was negative and the patient had normal movement in the lower extremities and normal neurological examination. Although said physician opined the patient was totally and completely disabled, a referral to a consultative neurosurgeon found no evidence of compression and no atrophy. A medical examiner, Dr. Benjamín Cortijo, examined the record and opined that, with a normal motor exam, gait and station, there should not be a dramatic deterioration of the lumbar flexion indicated sustained by objective medical evidence. The patient could lift and carry up to twenty (20) pounds occasionally and ten (10) pounds frequently, and could stand and walk for six (6) hours during an eight (8) hour work-day. (*Tr. p. 262*).

Plaintiff Morales-Rodríguez has been treated by psychiatrist Dr. César A. Reyes Laborde since July 2001. The patient is described as casually dressed, cooperative and logical. He displayed variable mood, was restless, with low self-esteem, death wish and frequent suicide ideas. He had poor memory, poor attention span and concentration, and

poor intellectual functioning, being not oriented in time and without insight. The patient had been treated through monthly visits since July 2001 up to December 19, 2005. Medications included Elavil 100 mgs and Vistaril 50 mgs initially and thereafter Desyrel 150 mgs and Xanax 0.5 mgs. The diagnosis was of anxiety disorder with depression. Functional limitations indicate the degree of limitation in restriction of daily living, difficulties in social functioning and difficulties in maintaining concentration, persistence and pace were moderate and episodes of decompensation were none. (*Dr. Cesar Reyes-Laborde's psychiatric medical report, Tr. pp. 223-238, 246-250*).

If there are any conflicts in the evidence as above presented, these are for the Commissioner, not the courts to consider. Rodríguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir.1981). *See also* 20 C.F.R. § 404.1527(d)(2); *see also* Rodríguez Pagán v. Secretary of Health and Human Services, 819 F.2d at 3; Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 130 (1st Cir. 1981). The ALJ is also entitled to consider how the claimant's testimony fits with the rest of the evidence of record. *See* Frustaglia v. Secretary of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987). The ALJ concluded plaintiff's allegations regarding his limitations were not totally credible, indicating the medical history in support of such conclusion.

Having examined and discussed the above evidence in the record as a whole, this Magistrate Judge is of the opinion the determination denying disability is supported by substantial evidence in accordance with the appropriate conclusions of law, as explained herein below.

**CONCLUSIONS OF LAW**

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[2] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d at 222.

As defendant's memorandum submits, the test for disability applicable is not whether plaintiff had a partial disability or suffered some pain or limitation because of the combination of exertional and non-exertional conditions. Rather, it is if his condition renders him totally disabled and incapable of performing substantial gainful activity for a continuous period of at least twelve (12) months. Bowen v. Yuckert, 482 U.S. 137, 142, 107 S.Ct. 2287 (1987). The mere presence of an impairment is not disabling. It should produce a resulting functional loss that precludes substantial gainful activity and previously the performance of his prior work as a security guard.

The vocational expert testified at the administrative hearing as to the hypothetical question of an individual of plaintiff Morales-Rodríguez' age, education and work history,

---

[2] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

Nelson Morales-Rodríguez v. Commissioner of S.S.
Civil No. 10-1665 (CVR)
Opinion and Order
Page No. 12

with the capacity to do light work but only able to do occasional climbing, balancing, bending, kneeling and crouching, and to follow simple but not complex instructions. (*Tr. p. 50*). In the definition of light work, wherein an individual is required to walk or stand up to six (6) hours during an eight (8) hour shift, a security guard is able to alternate between standing and walking. (*Id. p. 51*). Initially the vocational expert assumed that some of the work as a security guard would require an individual such as plaintiff to walk around a building and up and down stairs and through every floor of a building, there could be some limitation to perform the work in a sustained manner. Upon clarification, the hypothetical question was clarified as to an hypothetical individual, with light work capacity, as able to satisfy the physical demands of work as a security guard. (*Id. pp. 51-52*). Only if given credibility to the limitations claimed, which the ALJ considered not sustained by the medical evidence of record, would plaintiff be unable to perform work in a sustained manner.[3]

All the medical evidence regarding plaintiff Morales-Rodríguez' condition is in the form of written records and his subjective complaints of pain and non-exertional conditions were mostly subject to a credibility determination, well within the scope of the ALJ, since the record did not support any consistent treatment for limiting pain or of significant mental condition.

In view of the foregoing, this Magistrate Judge considers the decision of the Commissioner is supported by substantial evidence and is to be affirmed.

---

[3] Such limitations would be of an individual who is able to lift, carry and push no more than five pounds and stand, walk or sit no more than half an hour without pain. (*Tr. p. 52*).

## CONCLUSION

For the reasons stated above, this United States Magistrate Judge finds, after having discussed and examined the record, that the decision of the Commissioner is supported by substantial evidence. Thus, the Commissioner's decision is **AFFIRMED.**

IT IS SO ORDERED.

At San Juan, Puerto Rico, on this 24th day of January of 2011.

                                 S/**CAMILLE L. VELEZ-RIVE**
                                 **CAMILLE L. VELEZ RIVE**
                                 **UNITED STATES MAGISTRATE JUDGE**